**UNITED STATES OF AMERICA,**
Appellee,

v.

**Paula Andrea ARBOLEDA,**
Defendant–Appellant.

**No. 05–1116–CR.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Cecil C. Scott, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskoff, United States Attorney for the Eastern District of New York, on the brief, and Alyssa A. Qualls, Assistant United States Attorney for the Eastern District of New York), Brooklyn, NY, for Appellee, of counsel.

PRESENT: OAKES, JACOBS, and SACK, Circuit Judges.

*SUMMARY ORDER*

Defendant Paula Andrea Arboleda ("Arboleda") appeals from a judgment entered on February 22, 2004 in the United States District Court for the Eastern District of New York (Amon, *J.*) convicting her, following a jury trial, of conspiring to import and importing heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(A) and 963, and conspiring to possess and attempting to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and 846. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Arboleda's sole claim on appeal is that the district court committed plain error by instructing the jury on the theory of conscious avoidance as to one count without expressly barring its application to the remaining three counts, thereby permitting the jury to use a conscious avoidance theory to convict on the conspiracy and attempt counts—which require (respectively) conspiratorial intent and specific intent.

We review a jury charge "in its entirety and not on the basis of excerpts taken out of context." *United States v. Vebeliunas,* 76 F.3d 1283, 1290 (2d Cir.), *cert. denied,* 519 U.S. 950, 117 S.Ct. 362, 136 L.Ed.2d 253 (1996). When, as here, the defendants did not object to the charge and the error is trial error, we review the charge for

**88**

plain error. *See United States v. Knoll,* 116 F.3d 994, 999 (2d Cir.1997).

After reviewing the district court's jury charge as a whole, we conclude that the charge contained no error, much less plain error. The district court charged the jury methodically, choosing to instruct on Count II (importation) first "[i]n order to make this charge on the law ... easier to comprehend," during which time it gave the general definitions of knowledge and intent *prior* to setting forth the alternative theory of conscious avoidance.

In charging the remaining counts, the district court made no mention of the conscious avoidance theory; rather, it restated the definitions of knowledge and intent, properly describing the mental state required for each remaining count. This practice is in accord with *United States v. Ferrarini,* 219 F.3d 145, 156 (2d Cir.2000). Moreover, the district court took pains to avoid confusion. In charging on the first conspiracy count (Count I), the court explained that the mental state required was more complex than the mental state needed for conviction on the importation count (Count II) and required actual knowledge of the criminal aims of the conspiracy. In charging Counts III and IV, the district court emphasized that only specific parts of its Count I instruction applied, and made no reference whatever to any part of its Count II instruction. Accordingly, viewed as a whole, the district court's instructions were in clear alignment with *Ferrarini* and left no risk that the jury would convict on conspiracy or attempt based on a finding of conscious avoidance.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.